Filed 2/25/14  Cambilargiu v. PennyMac Corp. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| PRINCE SONG CAMBILARGIU et al., | D063537 |
| Plaintiffs and Appellants, | |
| v. | (Super. Ct. No. 37-2012-00057005-CU-BC-NC) |
| PENNYMAC CORP. et al., | |
| Defendants and Respondents. | |


APPEAL from a judgment of the Superior Court of San Diego County, Jacqueline M. Stern, Judge.  Affirmed.


Won Kyung Choi-Librizzi, Eric Michelson and Prince Song Cambilargiu, in pro. per., for Plaintiffs and Appellants.

Reed Smith, Lorenzo E. Gasparetti, Zareh A. Jaltorossian and Ilana R. Herscovitz for Defendants and Respondents PennyMac Corp.

Pite Duncan, Peter J. Salmon and Christopher L. Peterson for Defendants and Respondents CitiMortgage, Inc.

Won Kyung Choi-Librizzi, Eric Michelson, and Prince Song Cambilargiu (together, Plaintiffs) appeal, in propria persona, from a judgment dismissing their lawsuit after the court sustained Citimortgage, Inc.'s (Citi) and PennyMac Corp.'s (PennyMac) (together, Defendants) demurrers to their complaint. Plaintiffs contend the trial court erred by: (1) failing to take judicial notice of the definition of the term "funds" and a recorded Substitution of Trustee and Full Reconveyance; (2) finding that they failed to properly allege tender of the amounts owing on their underlying debt; and (3) finding their claim under the Truth in Lending Act (TILA) (15 U.S.C. § 1601 et seq.) was barred by the statute of limitations. We reject Plaintiffs' arguments and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Choi-Librizzi and Michelson obtained a mortgage loan secured by a deed of trust from ABN AMRO Mortgage Group, Inc., which merged into Citi, to purchase a home in Carlsbad, California. Choi-Librizzi and Michelson defaulted on the loan and a Notice of Default was recorded in May 2012. Thereafter, Citi assigned the deed of trust to PennyMac. In September 2012, the property subject to the deed of trust was sold through a foreclosure sale to a third party.

Plaintiffs filed a complaint against Defendants, alleging causes of action for quiet title, violations of TILA, fraud in the inducement, violation of Business and Professions Code section 6068 (section 6068), and estoppel. Plaintiffs' claims were based on allegations that Defendants wrongfully foreclosed on their property, failed to make required disclosures, and did not follow through on a promise to modify the loan. Plaintiffs sought to rescind the trustee's sale and quiet title to the property.

2

Plaintiffs attached multiple documents to their complaint, including two notarized documents entitled "Cash Draft Receipt." These documents state they are "Payable to Order or Bearer" and identify Citi as the payee and Cambilargiu as the payor. Further, each document states, "[t]his instrument is tendered as full satisfaction of the claim identified by account # in the memo line." The record does not indicate whether Cambilargiu had an ownership interest in the property or whether he was a party to the loan transaction.

Defendants demurred to the complaint, contending that none of Plaintiffs' claims stated facts sufficient to constitute a cause of action. Defendants argued, among other things, that Plaintiffs' claims failed because Plaintiffs failed to properly allege tender of the amounts owed on the underlying loan. In regard to Plaintiffs' TILA cause of action, Defendants argued that it was time barred.

In their opposition to the demurrers, Plaintiffs requested that the court take judicial notice of 18 items. These items included the definition of the term "funds" from Black's Law Dictionary and a recorded document entitled "Substitution of Trustee and Full Reconveyance," which purported to reconvey the interest PennyMac held under the deed of trust back to Choi-Librizzi and Michelson. PennyMac disputed the authenticity of the Substitution of Trustee and Full Reconveyance.

The trial court declined to take judicial notice of the definition of "funds" because it was not relevant. It also refused to take judicial notice of the Substitution of Trustee and Full Reconveyance because PennyMac disputed the authenticity of the document.

3

The trial court sustained Defendants' demurrers to Plaintiffs' TILA and violation of section 6068 causes of action without leave to amend. The court found the TILA cause of action was time barred and the section 6068 cause of action failed because that statute only applies to attorneys. The trial court also sustained Defendants' demurrers to the remaining causes of action, but provided Plaintiffs 10 days leave to amend. In regard to the fraud cause of action, the trial court found Plaintiffs failed to allege each element of the claim with specificity. On Plaintiffs' quiet title claim, the trial court found Plaintiffs did not properly allege tender and the documents attached to the complaint were not sufficient to constitute a tender because they were not negotiable instruments. Lastly, the court granted leave to amend the estoppel cause of action because it was unclear of the specific nature of Plaintiffs' claim.

Plaintiffs failed to amend their complaint. Accordingly, in February 2013, the court dismissed the action.

## DISCUSSION

### I. *Requests for Judicial Notice on Appeal*

A. Plaintiffs' Request for Judicial Notice

1. Recorded Documents

Plaintiffs request that we take judicial notice of a grant deed and deed of trust for a second mortgage on the subject property. PennyMac opposed the request, arguing judicial notice is not proper because these documents were not presented to the trial court.

4

Although we may take judicial notice of official acts and public records (Evid. Code, § 452), "[r]eviewing courts generally do not take judicial notice of evidence not presented to the trial court. Rather, normally 'when reviewing the correctness of a trial court's judgment, an appellate court will consider only matters which were part of the record at the time the judgment was entered.' " (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3.) No exceptional circumstances exist here that would justify deviating from that rule.

Even if we were to take judicial notice of the existence of the grant deed and deed of trust, judicial notice does not extend to the documents' contents or the truth of the hearsay matters in the documents. (*Mangini v. R.J. Reynolds Tobacco Co.* (1994) 7 Cal.4th 1057, 1063 (*Mangini*) ["While courts may notice official acts and published records, 'we do not take judicial notice of the truth of all matters stated therein' "]; *People v. Long* (1970) 7 Cal.App.3d 586, 591.) Further, even if we were to assume the matters stated within the documents are true, Plaintiffs have provided no explanation as to how this information supports their claims. Accordingly, we decline to take judicial notice of the grant deed and deed of trust offered by Plaintiffs.

2. Definition of "Funds"

Plaintiffs request that we take judicial notice of the definition of "funds" in Black's Law Dictionary, arguing that judicial notice is mandatory under subdivision (e) of Evidence Code section 451. Defendants opposed the request.

5

" ' " 'Judicial notice is the recognition and acceptance by the court, for use by the trier of fact or by the court, of the existence of a matter of law or fact that is relevant to an issue in the action without requiring formal proof of the matter.' " ' " (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 264 (*Fontenot*).) Judicial notice of certain matters is mandatory, including "[t]he true signification of all English words and phrases and of all legal expressions." (Evid. Code, § 451, subd. (e).)

According to Plaintiffs, Black's Law Dictionary provides that "in the plural, th[e] word ['funds'] has a variety of slightly differing meanings, as follows: Moneys, and much more, such as notes, bills checks, drafts, stocks and bonds, and in broader meaning may include property of every kind." In a confusing argument, Plaintiffs contend this definition supports their claim that they made a valid tender of the amounts owed on their underlying loan.

We deny Plaintiffs' request on the ground that judicial notice of the Black's Law Dictionary definition of "funds" is unnecessary to our resolution of Plaintiffs' appeal. (*County of San Diego v. State of California* (2008) 164 Cal.App.4th 580, 613, fn. 29.) However, even if we did take judicial notice of the definition, it does not change the result on appeal. (See *post*, pt. III.B.)

3. California Commercial Code

Plaintiffs request that we take judicial notice of California Commercial Code section 3104, regarding the meaning of a "negotiable instrument." This request is granted. (Evid. Code § 451, subd. (a).)

B.  Citi's Request for Judicial Notice

Citi requests that we take judicial notice of a deed of trust, assignment of deed of trust, notice of trustee's sale, trustee's deed upon sale, notice of default, and the fact that it is not an attorney.  The trial court granted judicial notice of these items and Plaintiffs do not oppose Citi's request for judicial notice on appeal.  Accordingly we grant Citi's request for judicial notice of these matters.  (Evid. Code, § 459, subd. (a) ["The reviewing court shall take judicial notice of . . . each matter properly noticed by the trial court . . . ."].)

Citi also requests that we take judicial notice of a certificate of merger of ABN AMRO Mortgage Group, Inc. into Citi.  This document was not before the trial court and thus is not proper for judicial notice on appeal.  (*Mangini*, *supra*, 7 Cal.4th at p. 1063.)  Further, we deny Citi's request on the ground that judicial notice of the certificate of merger is unnecessary to our resolution of this appeal.  (*County of San Diego v. State of California*, *supra*, 164 Cal.App.4th at p. 613, fn. 29.)

II.  *Trial Court's Rulings on Plaintiffs' Requests for Judicial Notice*

A.  Definition of "Funds"

Plaintiffs argue the trial court erred by failing to take judicial notice of the Black's Law Dictionary definition of "funds."  For the same reasons discussed herein (*ante*, pt. I.A.2; *post*, pt. III.B), we conclude the trial court did not err in declining to take judicial notice of the definition.

7

B. Substitution of Trustee and Full Reconveyance

Plaintiffs argue the trial court erred by failing to take judicial notice of a recorded Substitution of Trustee and Full Reconveyance. We disagree.

"When ruling on a demurrer, '[a] court may take judicial notice of something that cannot reasonably be controverted, even if it negates an express allegation of the pleading.' [Citation.] Accordingly, Evidence Code section 452, subdivisions (c) and (h), respectively, permit a court, in its discretion, to take judicial notice of '[o]fficial acts . . . of any state of the United States' and '[f]acts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy.' [¶] Pursuant to these provisions, courts have taken judicial notice of the existence and recordation of real property records, including deeds of trust, *when the authenticity of the documents is not challenged*." (*Fontenot*, *supra*, 198 Cal.App.4th at p. 264, italics added.)

Here, PennyMac disputed the authenticity of the Substitution of Trustee and Full Reconveyance. Accordingly, the trial court did not err in declining to take judicial notice of that document.

### III. *Tender*

A. Standard of Review

A demurrer tests the legal sufficiency of factual allegations in a complaint. (*Title Ins. Co. v. Comerica Bank-California* (1994) 27 Cal.App.4th 800, 807.) "A trial court abuses its discretion in sustaining a demurrer *without* leave to amend, if there is a reasonable possibility that a defect in the complaint can be cured by amendment or if the

8

pleading can be liberally construed to state a cause of action. [Citations.] When the trial court sustains a demurrer *with* leave to amend and the plaintiff elects not to do so, the presumption is that he has stated as strong a case as he can; and in determining whether or not the trial court abused its discretion, we must resolve all ambiguities and uncertainties raised by the demurrer against the plaintiff. [Citations.] When a plaintiff elects not to amend a complaint after a demurrer has been sustained with leave to amend, if the complaint is objectionable on any ground raised by the demurrer, the judgment of dismissal must be affirmed." (*Hooper v. Deukmejian* (1981) 122 Cal.App.3d 987, 994.)

B. Analysis

Plaintiffs argue the trial court erred in finding that they failed to properly allege tender of the amounts owing on their underlying debt. Specifically, they contend the "Cash Draft Receipt[s]" attached to their complaint constitute a valid tender. We disagree.

Generally, a borrower must tender the full amount of the debt to maintain an action to cancel a completed trustee's sale. (*Karlsen v. American Sav. & Loan Assn.* (1971) 15 Cal.App.3d 112, 117 (*Karlsen*).) " '[N]othing short of the full amount due the creditor is sufficient to constitute a valid tender, and the debtor must at his peril offer the full amount.' [Citations.] The doctrine of tender has been correctly summarized in this fashion: 'The rules which govern tenders are strict and are strictly applied, and where the rules are prescribed by statute or rules of court, the tender must be in such form as to comply therewith. The tenderer must do and offer everything that is necessary on his part to complete the transaction, *and must fairly make known his purpose without ambiguity*,

and the act of tender must be such that it needs only acceptance by the one to whom it is made to complete the transaction.' " (*Gaffney v. Downey Sav. & Loan Ass'n.* (1988) 200 Cal.App.3d 1154, 1165 (*Gaffney*).) The tendered funds must be "unconditionally available to the creditor." (*Id.* at p. 1167.) An offer of performance is of no effect if the person making it is not able to perform. (Civ. Code, § 1495; *Karlsen*, *supra*, 15 Cal.App.3d at p. 118; *Waller v. Brooks* (1968) 267 Cal.App.2d 389, 394-395 [a "mere indication of a willingness to perform in the future is not the equivalent of a valid, subsisting tender"].) Further, a document that is "worthless on its face" is not sufficient to constitute a valid tender. (*McElroy v. Chase Manhattan Mortg. Corp.* (2005) 134 Cal.App.4th 388, 392-393.)

As an initial matter, we note that Plaintiffs only challenged the trial court's ruling on their quiet title and TILA causes of action. They assert no arguments concerning their fraud, section 6068 and estoppel causes of action. "An appellant must provide an argument and legal authority to support his contentions. This burden requires more than a mere assertion that the judgment is wrong. 'Issues do not have a life of their own: If they are not raised or supported by argument or citation to authority, [they are] . . . waived.' [Citation.] It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness. When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived." (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.) Accordingly, we limit our discussion to the quiet title and TILA

causes of action, both of which sought to set aside the trustee's sale and are therefore subject to the tender requirement.

Contrary to Plaintiffs' arguments, the "Cash Draft Receipt[s]" attached to their complaint do not constitute a viable tender sufficient to invalidate the foreclosure sale. It appears that Plaintiffs went to great lengths to draw up documents that satisfied the requirements of Commercial Code section 3104 for "negotiable instruments." However, we cannot conclude the "Cash Draft Receipt[s]" constitute a tender of the amounts owing on the underlying loans for the subject property.

First, in order for Plaintiffs to make a valid tender, the tendered funds must be "unconditionally available to the creditor." (*Gaffney*, *supra*, 200 Cal.App.3d at p. 1167.) Here, the "Cash Drafts" state that "Payment shall be applied at Issue Date." However, they also state that they "mature[] and may be presented [i]n: . . . 2062." Second, the documents are not drawn on a bank and do not identify where the payee can obtain the funds purporting to be tendered. These irregularities render the "Cash [Draft] Receipts" ambiguous. Thus, Plaintiffs have not done everything that is necessary on their part to complete the transaction and have not fairly made known their purpose without ambiguity. (*Id.* at p. 1165.)

In our view, Plaintiffs' "Cash Draft Receipt[s]" are nothing more than worthless paper. At best, they are an offer of future performance as to payment. Either way, Plaintiffs did not allege a valid tender. Thus, the trial court properly sustained Defendants' demurrers as to Plaintiffs' TILA and quiet title causes of action.

11

In view of our conclusion that Plaintiffs' TILA cause of action fails due to their failure to properly allege tender, we need not address whether the TILA claim is barred by the statute of limitations.

## DISPOSITION

The judgment is affirmed.  Citi and PennyMac are entitled to their costs on appeal.

McINTYRE, J.

WE CONCUR:

NARES, Acting P. J.

McDONALD, J.

12